[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] AMENDED DECISION
This is an action for Declaratory and Injunctive relief flowing from a personnel decision made by Plaintiff Narragansett School Committee ("School Committee"). Defendants Sandra Lundin and NEA/Narragansett ("Union") filed a grievance to the School Committee, and presently seek arbitration. The parties filed the within cross motions for summary judgment pursuant to Super. R. Civ. P. 56(c).
 FACTS
On or about January 30, 2004, the position of Assistant Principal at Pier School in the Narragansett school system became available. The School Committee posted notices describing the position and necessary qualifications in all school buildings, and also sent notice to the Union president.
The School Committee eventually narrowed the applicant pool to four finalists, including Plaintiff Sandra Lundin, a teacher in the Narragansett School Department. After interviewing the four finalists, Narragansett School Superintendent Pia Durkin recommended Richard Mangilli, another finalist, for the position. The School Committee appointed Mr. Mangilli on June 16, 2004.
Ms. Lundin and representatives from her Union met with Superintendent Durkin on June 30, 2004. They discussed shortcomings in her application and measures to bolster future candidacies for administrative positions. On July 12, 2004, the Union filed a grievance on Ms. Lundin's behalf, alleging the School Committee wrongfully denied her the position.
At a School Committee meeting held on or about August 18, 2004, Union representatives argued the School Committee should have appointed Ms. Lundin. The Union argued Ms. Lundin had credentials equal or superior to Mr. Mangilli. The Union emphasized that Ms. Lundin already worked in the Narragansett schools, whereas Mr. Mangilli did not. The School Committee denied the grievance at the August 18, 2004 meeting.
On September 16, 2004, the Union filed a demand for arbitration with the American Arbitration Association (AAA). The School Committee objected to the AAA arbitration, asserting the grievance is inarbitrable. The School Committee filed the underlying action seeking an order from this Court declaring the grievance non-arbitrable and enjoining the Union from proceeding to arbitration.
The School Committee filed the within motion for summary judgment on January 25, 2005. The Union filed an objection and cross motion for summary judgment on March 14, 2005.
 ANALYSIS
The School Committee advances two arguments as to why this Court must determine the within dispute not susceptible to arbitration. They first maintain appointments to administrative positions are non-arbitrable by contract, specifically by the terms of the Collective Bargaining Agreement (CBA). They next contend law and public policy disfavor arbitration under such circumstances.
The Collective Bargaining Agreement
Citing School Committee of the Town of North Kingstownv. Crouch, 808 A.2d 1074 (R.I. 2002), the School Committee first argues a grievance may be arbitrated only if it pertains to an issue which the parties agreed in clear language to submit to arbitration. Examination of the CBA, the School Committee argues, reveals no clear intent to submit selection of administrators to arbitration. The instant dispute, they maintain, is therefore non-arbitrable.
The Union contends the CBA does expressly provide for arbitration of this dispute. They cite three provisions of the CBA for the proposition: Article VII.C, addressing performance evaluation; Article XX, concerning grievance procedures; and Article X.D.3, speaking to promotional vacancies. Read together or independently, they argue, these provisions render the instant dispute subject to arbitration.
The Union also distinguishes the holding in Crouch for two reasons. It first notes the contract language considered in Crouch, while similar, notably lacked the term "professional advantage" as found in Article VII.C. More importantly, they observe, Crouch dealt with a factually and legally different scenario: wrongful termination with specific statutory remedies available. The Union interprets Crouch to stand for the limited proposition that where a statutory remedy exists for a particular dispute, the statutory remedial provisions prevail over the more general provisions of the CBA.
"Arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." ATTTechnologies, Inc. v. Communications Workers ofAmerica, 475 U.S. 643, 648, 106 S. Ct. 1415, 1418,89 L. Ed.2d 648, 655 (1986). In other words, "no one is under a duty to arbitrate unless with clear language he [or she] has agreed to do so." Stanley-Bostitch, Inc.v. Regenerative Environmental Equipment Co., 697 A.2d 323,326 (R.I. 1997) However, "[w]hen uncertainty exists about whether a dispute is arbitrable, [the Rhode Island Supreme Court], like the United States Supreme Court, `has enunciated a policy in favor of resolving any doubt in favor of arbitration.'" Brown v. Amaral, 460 A.2d 7,10 (R.I. 1983).
Article X.D.3 of the CBA provides that "[c]andidates [for promotional positions] will be recommended on the basis of qualifications for the position. Where qualifications are equal, seniority in the Narragansett School System will prevail." Article VII.C provides "[n]o teacher will be . . . deprived of any professional advantage without just cause and in privacy."[1]
Article XX.A.1 of the CBA defines a grievance as "a claim based on an event and/or condition of employment of a teacher . . . and/or the interpretation, meaning, or application of any of the provisions of this Agreement. . . ." Article XX.C.5 provides that "[i]f the aggrieved person is not satisfied with the disposition of [a] grievance . . . [they] may submit the matter to arbitration."
Based on the foregoing, this Court concludes the CBA demonstrates a clear intent to submit disputes such as this to arbitration. No conflicting statutory remedy governs the dispute herein. Accordingly, the School Committee's argument on this ground fails.
Law and Public Policy
The School Committee next argues that permitting arbitration of this dispute constitutes interference with its policy making function, proscribed by law. It cites Vose v. Rhode Island Brotherhood of CorrectionalOfficers, 587 A.2d 913, 915 (R.I. 1991), for the proposition that its statutory powers and obligations for employment of school department personnel cannot be contractually abdicated. The Court in Vose considered a dispute with specific nondelegable operational public safety considerations: compulsory overtime for prison guards at the direction of the Department of Corrections. Id. The union contends the School Committee's position far exceeds the scope of Vose. In order to invalidate a contractual provision in a public sector employment agreement, the union suggests that the contested term must either directly violate a statute or in some measurable way prevent or hinder the employer from carrying out its lawful duties or responsibilities.
The School Committee here invokes its duties and responsibilities as outlined in G.L 1956 §§ 16-2-9 and16-2-11. Section 16-2-9 grants to school committees:
 (a) The entire care, control, and management of all public school interests of the several cities and towns shall be vested in the school committees of the several cities and towns. School committees shall have, in addition to those enumerated in this title, the following powers and duties:
. . .
 (6) To have overall policy responsibility for the employment and discipline of school department personnel.
. . .
 (14) To establish minimum standards for personnel, to adopt personnel policies, and to approve a table of organization.
Section 16-2-11 charges the Superintendent:
 (7) To appoint all school department personnel with the consent of the school committee.
 (8) To administer the personnel function of the school department consistent with personnel standards, policies, and the table of organization established by the school committee.
This Court recognizes the gravity of responsibilities conferred upon the School Committee by the legislature. The contention that such statutory responsibilities render the instant dispute unarbitrable, however, is not tenable. The statutory sections proffered by the Plaintiff confer responsibility upon the School Committee for most school department employment decisions. If this Court accepted the School Committee's reasoning, even limited to administrative positions, it would fatally undermine the CBA, as the School Committee's statutory responsibilities pervade its subject matter. While the School Committee's desire to retain a greater degree of control over administrative practices is commendable, this is a measure which it negotiated away. Accordingly, this Court concludes that submitting the instant dispute to arbitration neither contravenes public policy or the law of this State.
 CONCLUSION
For the reasons set for the herein, Plaintiff's motion for summary judgment is denied. Defendants' motion for Summary Judgment is granted. Counsel shall submit appropriate orders.
[1] The negotiated language employs the phrase "professional advantage" which is much broader than the limited provision which was at issue in Crouch.